UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carol Mack and
Aaron Mack,

        Plaintiffs,

v.

Stryker Corporation, and
Stryker Sales Corporation,

        Defendants.

Civ. No. 10-2993 (PAM/JJG)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss this products-liability action. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

Plaintiff Carol Mack had arthroscopic shoulder surgery at Allina Hospital in Fridley, Minnesota, on August 1, 2002. After surgery, her orthopedic surgeon implanted in her shoulder a pain pump manufactured by Stryker Corporation. The pump was designed to deliver anesthetic to the surgically repaired shoulder. Mack contends that the pump was implanted so that the anesthetic was injected directly into the "joint space" in her shoulder. Mack ultimately experienced a complete degradation of the cartilage in her shoulder, a condition known as chondrolysis. She contends that Stryker's pain pump, and in particular the injection of pain medication directly into the shoulder cartilage, caused the chondrolysis. She also alleges that Stryker knew or should have known that the pump could cause such a

condition, and that Stryker nonetheless encouraged physicians to use the pump in ways that were likely to cause chondrolysis.

**DISCUSSION**

**A.     Standard of Review**

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the factual allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff and will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Defendants' Motion is, in large part, a motion for summary judgment rather than a motion to dismiss. Defendants' arguments require the Court to weigh evidence, examine depositions, and the like. When evaluating a Motion to Dismiss, the Court must look at the face of the complaint to determine whether it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1938, 1949 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Eighth Circuit has emphasized that courts considering motions to dismiss must "take the plaintiff's factual allegations as true." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

> Twombly and Iqbal did not abrogate the pleading standard of Rule 8(a)(2) [requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"]. Rather, those decisions confirmed that Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Hamilton v. Palm, — F.3d —, 2010 WL 3619580, at *1 (8th Cir. Sept. 20, 2010) (quoting Iqbal, 129 S. Ct. at 1949). The premise of a large part of Defendants' Motion is that the Court should not take the allegations in the Complaint as true. This is simply not permitted in the context of a motion to dismiss.

**B.    Statute of Limitations**

Defendants also argue that Mack's claims are barred because, at the latest, she knew about the alleged injury to her shoulder in May 2004, when an MRI showed that her shoulder joint had developed osteoarthritis. She did not file this lawsuit until July 2010, more than six years later. There is no dispute that the relevant limitations periods are as follows: four years for strict products liability, Minn. Stat. § 541.05, subd. 2; six years for negligence, id. § 541.05, subd. 1(5); four years for breach of warranty, id. § 336.2-725(1); and six years for fraud, id. § 541.05, subd. 1(6).

Mack argues that her products liability claim is not time-barred because Minnesota adheres to the "discovery rule" in products liability actions, so that the limitations period did not begin to run until she had a physical manifestation of the injury and evidence of the causal connection between the injury and Stryker's "product, act, or omission." (Pl.'s Opp'n Mem. at 18 (quoting Hildebrandt v. Allied Corp., 839 F.2d 396, 398 (8th Cir. 1987)).)

3

According to Mack, she could not have known about the causal connection until 2007 at the earliest, when the first article was published that linked pain pumps and chondrolysis. This is within the statutory limitations period for all of Mack's claims.

She also contends that Stryker cannot argue statute of limitations as a defense because Stryker fraudulently concealed the causal connection between its pain pumps and the injuries she suffered. Under Minnesota law, a defendant's intentional prevention of the discovery of a cause of action operates to toll the statute of limitations. (See id. at 19 (quoting Wild v. Rarig, 234 N.W.2d 775, 795 (Minn. 1975)).)

Defendants say that reliance on Hildebrandt is misplaced, because the Minnesota Supreme Court has repeatedly, and since Hildebrandt was decided, refused to recognize the discovery rule. Instead, according to Defendants, Minnesota adheres to the rule of accrual, in which the cause of action accrues and the limitations period begins to run when some damage occurs. (Defs.' Reply Mem. at 12 (quoting Abbotts v. Campbell, 551 F.3d 802, 805 (8th Cir. 2008)).) Abbotts, however, and the other authority Defendants cite, involve legal malpractice claims, not products liability claims, and thus are inapposite. Indeed, Abbotts recognizes that Minnesota does apply the discovery rule in some situations, such as fraud. Abbotts, 551 F.3d at 805.

None of the cases on which Defendants rely indicate that Minnesota courts disagree with Hildebrandt, and the Court has found no such disagreement. Thus, it appears that, for products liability claims in Minnesota, the discovery rule applies. Mack's claims are therefore timely and Defendants' Motion on this point is denied.

**C.     Fraud**

Finally, Defendants contend that Mack's fraud claims are not pled with sufficient particularity. Fed. R. Civ. P. 9(b). At this stage of the litigation, however, it is not clear what other allegations Defendants would have Mack include in her fraud claims. She does not yet have access to evidence; discovery has not commenced. Her claims are sufficient to withstand Defendants' Motion to Dismiss.

**CONCLUSION**

Stryker has failed to establish that any of Mack's claims should be dismissed. Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss (Docket No. 6) is **DENIED**.

Dated: Thursday, October 28, 2010          *s/ Paul A. Magnuson*
                                           Paul A. Magnuson
                                           United States District Court Judge